UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PCS NITROGEN FERTILIZER, LP

CIVIL ACTION

VERSUS

NO. 13-170-JJB-RLB

AMERICAN HOME ASSURANCE
COMPANY

**RULING**

This matter is before the Court on the following motions: (1) Plaintiff PCS Nitrogen Fertilizer, LP's Motion [doc. 13] for Partial Summary Judgment, and (2) Defendant American Home Assurance Company's Motion [doc. 18] for Summary Judgment. Each motion has been opposed by the relevant party. (Docs. 17 & 22). Jurisdiction is based on 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons provided herein, the Court: (1) **GRANTS** Plaintiff PCS Nitrogen Fertilizer, LP's Motion [doc. 13] for Partial Summary Judgment, and (2) **DENIES** Defendant American Home Assurance Company's Motion [doc. 18] for Summary Judgment.

**Background**

PCS Nitrogen Fertilizer, LP ("PCS") filed the present lawsuit against American Home Assurance Company ("AHAC") in order to recoup defense costs that PCS incurred in a previous lawsuit. AHAC is a Canadian insurance company that issued two comprehensive general liability policies to Potash Corporation of Saskatchewan, Inc. ("Potash")—PCS's parent company. The relevant policies included Policy No. 1235072, which provided coverage from June 30, 1998 to June 30, 2001, and Policy No. 3813253, which provided coverage from June 30, 1997 to June 30, 1998. Among other things, these policies covered Potash's subsidiaries, and at all relevant times, PCS was a subsidiary of Potash. Moreover, the insurance policies covered the PCS locations in the United States, including the location in Geismar, Louisiana.

1

On January 26, 2003, employees Dennis Price and Robert Sholar filed suit against PCS for alleged damages arising under Louisiana law. Thereafter, PCS reported the suit to AHAC, but AHAC denied both coverage and its duty to defend. Nevertheless, the plaintiff claims that "[a] comparison of the [s]uit and the American Home Insurance Policies triggered the duty to defend PCS . . . ." (Doc. 1-2, p. 2). As a result, PCS avers that AHAC breached its contractual obligation to defend PCS in the prior lawsuit, and PCS seeks to recover those defense costs incurred in the Price and Sholar litigation.

Subsequently, PCS filed a motion for partial summary judgment, seeking summary judgment that AHAC owed a duty to defend. In opposition, the defendant claims that the plaintiff failed to timely bring its claim, as the defendant asserts that the applicable Canadian statute of limitation would bar the present lawsuit. In a similar vein, the defendant thereafter filed a separate motion for summary judgment, seeking a judgment from this Court that the plaintiff's claim is barred by the applicable limitation period. As these motions for summary judgment are interrelated, the Court will deal with them concurrently.

**Analysis**

1. <u>Summary Judgment Standard</u>

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-

moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2. Choice of Law

At the outset, the Court must determine whether PCS timely filed its claim to recoup defense costs. AHAC asserts that either Ontario's or Saskatchewan's law should apply to the present matter, which would subject the plaintiff's claim to either a two or six year statute of limitation. However, the plaintiff avers that Louisiana's prescriptive period should apply to the matter at hand, and as a result, its claim would be subject to a ten-year prescriptive period. Thus,

the Court must first determine which prescriptive period/statute of limitation applies to the case-at-hand.

"A federal district court exercising diversity jurisdiction must apply the choice-of-law provision of the forum state to determine which state's substantive laws apply." *Alta Vista Productions, LLC v. St. Paul Fire & Marine Ins. Co.*, 796 F. Supp. 2d 782, 785 (E.D. La. 2011) (citing *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Louisiana Civil Code article 3549 provides in relevant part:

> A. When the substantive law of this state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies.
> B. When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
>   (1) If the action is barred under the law of this state, the action shall be dismissed unless it would not be barred in the state whose law would be applicable to the merits and maintenance of the action in this state is warranted by compelling considerations of remedial justice.
>   (2) If the action is not barred under the law of this state, the action shall be maintained unless it would be barred in the state whose law is applicable to the merits and maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice.

According to this Louisiana choice-of-law provision, the applicable prescription period/statute of limitation could depend on which state's substantive law applies to the merits of the action.

Nevertheless, the Court need not conduct a conflicts-of-law inquiry, as regardless of which substantive law applies in this case—Canada or Louisiana—the Court finds that Louisiana's ten-year prescription period will apply. First, assuming Louisiana substantive law applies, as the plaintiff claims, then Civil Code Article 3549(A) provides that Louisiana's ten-year prescriptive period would apply. There is no genuine issue of material fact that plaintiff brought his claim within ten years of the defendant formally denying coverage in January 2004.

4

Thus, if Louisiana's substantive law were to apply, then it is clear that Louisiana's ten-year prescription period would not bar the plaintiff's action.

Furthermore, even if Canadian law were to apply to the merits of this case, this Court finds that as a matter of law, Louisiana's ten-year prescriptive period would still apply in the present matter. As aforementioned, Article 3549(B) provides that:

> B. When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
> …
>> (2) If the action is not barred under the law of this state, the action shall be maintained unless it would be barred in the state whose law is applicable to the merits and maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice.

If Canadian law applied, then Article 3549(B)(2) would still mandate that Louisiana's ten-year prescriptive period applies, and not bar the present suit, unless: (1) Canadian law barred the suit, (2) "maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute," and (3) "maintenance of the action in this state is not warranted . . . by any compelling considerations of remedial justice." La. Civ. Code art. 3549(B)(2). All of these requirements must be satisfied in order to displace Louisiana's prescription period. La. Civ. Code art. 3549 rev. cmt. (g).

Article 3549 sets a "high standard for displacing Louisiana's law of prescription." *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 491 (5th Cir. 2001). Revision Comment (g) provides the following in relation to displacing Louisiana's law of prescription:

> (g) <u>Actions not barred under Louisiana law: The rule and its exception</u>. The opening sentence of subparagraph (2) of the second paragraph of this Article reaffirms the basic rule of the lex fori for actions that have been filed timely under Louisiana prescription or peremption law. **Here the rationale for following that rule is that entertaining such actions promotes whatever substantive policies**

5

> **this state has in not providing for a shorter prescriptive period and preserves to the plaintiff the opportunity to fully pursue his judicial remedies as long as he does so within the time specified by the law of this state. These substantive and procedural policies underlying Louisiana prescription law are entitled to preference in a Louisiana court, unless it is amply demonstrated that neither set of policies is actually implicated in the particular case and that the opposing substantive policies of another state, that of the lex causae, are implicated more intimately. Only then may Louisiana law be displaced.**
>
> These are essentially the three grounds for the exception to the rule of the lex fori which is enunciated in the balance of subparagraph (2). Again, all three grounds must be satisfied before this exception is utilized. Before dismissing an action that has been timely filed under Louisiana law, the court must be satisfied that the action has prescribed in the state of the lex causae, and that neither the substantive nor the procedural or remedial policies of the forum state would be served by maintaining the action. Only then would the policy of providing a forum be outweighed by the policy of discouraging forum shopping. The very fact that all three hurdles must be overcome before this exception is utilized indicates that this exception is not expected to be applied often.

La. Civ. Code art. 3549 rev. cmt. (g) (emphasis added). The revision comments also point out that the "burden of displacing Louisiana law will be heavier in cases where Louisiana law provides for a longer prescriptive period," such as is the case here. La. Civ. Code art. 3549 rev. cmt. (d).

The defendant contends that under either Ontario or Saskatchewan law, the plaintiff's claim would be time barred, as Ontario provides for a two-year limitation period and Saskatchewan provides for a six-year limitation period.[1] Nevertheless, to apply either of the Canadian statutes of limitation in this case—where the Louisiana ten-year prescription period would not bar the action—the defendant must show that "maintenance of the action in this state

---

[1] There is also an argument that the plaintiff's claim is barred under a provision of the insurance contract, which requires "every action or proceeding against the Insurer [to] be commenced within one year next after the date of such judgment" against the Insured. (Doc. 22, p. 10, Doc. 28, p. 3). The defendant contends that this bars the plaintiff's suit, as it failed to file suit within one year of the jury verdict in the underlying litigation. (Doc. 28, p. 3). At the outset, the Court has doubts whether this provision applies to the present situation. Regardless, if the provision applies, it still does not bar the plaintiff's claim, as the Court did not enter judgment in the underlying litigation until February 14, 2012, and that judgment did not become final until the Fifth Circuit issued its mandate on September 13, 2013. *Dennis Price, et al. v. PCS Nitrogen Fertilizer, LP, et al.*, No. 3:03-cv-00153, M.D. La., at R. Doc. 188 & 216. The plaintiff filed the present suit in January 2013, well within a year of this Court entering judgment and before that judgment actually became final. Therefore, this argument is unavailing.

is not warranted by the policies of this state and its relationship to the parties or the dispute," and "maintenance of the action in this state is not warranted . . . by any compelling considerations of remedial justice." La. Civ. Code art. 3549(B)(2). This is a heavy burden under the circumstances, and the plaintiff fails to make a sufficient showing to convince this Court that it should displace Louisiana's ten-year prescriptive period. *See* La. Civ. Code art. 3549 rev. cmt. (d). The defendant attempts to cite to this Court's previous decision in *Extex Production, Inc. v. Mid-Continent Casualty Co*. for the proposition that Ontario's or Saskatchewan's substantive law and statute of limitation should apply to the present matter. 2008 WL 191650 (M.D. La. Jan. 22, 2008). However, in *Extex*, this Court was looking at whether to dismiss or transfer a particular case, and not analyzing a conflict of law issue, such as in the present matter. The Court is not persuaded that its prior ruling in *Extex* has any bearing or weight as to the matter presently in front of the Court.

In accordance with the applicable Louisiana conflict of law provisions, this Court must apply the Louisiana ten-year prescriptive period in this action, regardless of whether Canada's or Louisiana's substantive law would apply to the merits. Furthermore, there is no genuine issue of material fact that the plaintiff filed its claim within the applicable ten-year period, and thus, the plaintiff's claim is presently valid and not time barred.

3. Duty to Defend

As the Court has determined that the plaintiff's claim is not barred, it next must determine whether the plaintiff has established that there is no genuine issue of material fact regarding the defendant's duty to defend. To determine if the defendant owed this duty to defend, the Court will be tasked with interpreting the insurance contract issued by the defendant. Similar to above, the Court is first tasked with determining which substantive law applies—

Canadian or Louisiana law. Here, however, the issue is much more straightforward, as there is no real conflict of law between the Louisiana and Canadian substantive law regarding the interpretation of contracts, and the parties appear to agree on this assertion.[2] A threshold question in any choice of law analysis is "whether there is a true conflict, a false conflict, or no conflict among the laws of the states that have a connection to the contract." *In re East Cameron Partners, L.P.*, 2011 WL 4625368, at *4 (Bankr. W.D. La. Sept. 30, 2011) (citing *In re Combustion, Inc.*, 960 F. Supp. 1056, 1067 (W.D. La. 1997); *Tolliver v. Naor*, 115 F. Supp. 2d 697, 701 (E.D. La. 2000)). "If the laws of two states are substantially identical, then no choice-of-law analysis is necessary and the court simply applies the law of the forum state." *Id.* (citing *Schneider Nat. Transport v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002); *W.R. Grace and Co. v. Continental Cas. Co.*, 896 F.2d 865, 874 (5th Cir. 1990)). Therefore, as there is no real conflict between the laws of Canada and Louisiana on the interpretation of contracts and an insurer's duty to defend, the Court will not conduct a choice-of-law analysis and will simply apply Louisiana's law with regard to these issues.

"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims." *Yount v. Maisano*, 627 So. 2d 148, 153 (La. 1993). "The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition **unambiguously excludes coverage**." *Arceneaux v. Amstar Corp.*, 66 So. 3d 438, 450 (La. 2011) (emphasis added). Courts must apply the "eight-corners rule" to determine if an insurer owed a duty to defend, looking to the "four corners" of the insurance policy and the "four corners" of the plaintiff's petition. *North American Treatment Systems, Inc. v. Scottsdale Ins. Co.*, 943 So. 2d

---

[2] Based on the briefs, the parties only argue regarding the difference in Louisiana's and Canada's law on prescription/statute of limitation. However, there is no argument regarding any differences in the laws on interpreting contracts or an insurer's duty to defend under an insurance contract.

429, 443–44 (La. App. 1 Cir. 2006) (citing *Vaughn v. Franklin*, 785 So. 2d 79, 84 (La. App. 1 Cir. 2001)). "[E]ven though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded." *Id.* (citing *Employees Insurance Representatives, Inc. v. Employers Reinsurance Corporation*, 653 So. 2d 27, 29 (1995)).

It its motion, the plaintiff presents the relevant allegations from the petition in the underlying Dennis Price and Robert Sholar litigation, as well as the accompanying insurance contract provisions which it claims give rise to the defendant's duty to defend. (*See* doc. 13-2, p. 9–17). Based on the reasons provided in the plaintiff's motion, the Court finds that the allegations in the underlying litigation would give rise to a duty to defend by the defendant. In its opposition, the defendant does not refute the plaintiff's argument that the allegations in the complaint would give rise to a duty to defend. Instead, the defendant argues that: (1) the plaintiff filed its claim too late,[3] (2) the plaintiff failed to satisfy the self-insured retention obligations (SIRs) that are a condition precedent to coverage, and (3) AHAC's policies apply in excess of coverage afforded by the plaintiff's other insurers and no coverage is owed unless those other policies are exhausted.

    a. <u>Satisfaction of SIRs</u>

Turning first to the defendant's contention that the plaintiff failed to satisfy the SIRs, the Court finds that the SIRs were a condition precedent to coverage. First, Policy No. 1235072 provided that "[e]xcept as otherwise specified, the Insured shall retain and be responsible for the first $100,000 of the total amount of all sums payable," and that "[t]he insurer's obligation to pay damages on behalf of the Insured applies only to the amount of such damages in excess of any

---

[3] This argument is unavailing, as has been shown above.

9

specified self insured retention or deductible amount." (Doc. 13-7, p. 15). Policy No. 3813253 included a similar provision, except that the insured was required to "retain and be responsible for the first $50,000." (Doc. 13-6, p. 15). In its reply, the plaintiff submits the Satisfaction of Judgment from the underlying litigation, which provides that the plaintiff paid the sum of $678,549.26 to satisfy the judgment in the Price and Sholar litigation. (Doc. 23-2, p. 1). However, based on this, the defendant goes on to argue that PCS "did not exhaust any SIR until it paid the judgment against it in the underlying case on September 18, 2013, and thus, PCS is not entitled to recover any defense costs incurred before that date. (Doc. 32, p. 1).

As the plaintiff points to in its supplemental memorandum, the only issue before this Court on the plaintiff's motion for partial summary judgment is whether the defendant ever owed a duty to defend based on the provisions of the insurance contract. The Satisfaction of Judgment establishes that there is no genuine issue of material fact that the plaintiff satisfied the SIRs at some point, and as a result, the plaintiff satisfied its condition precedent at some point. When the SIRs were satisfied and how much defense costs are recoverable still remain an issue in this case and will be decided at a later date. The Court emphasizes that its ruling today **only** finds that the defendant, at some point, owed a duty to defend based on the allegations in the underlying litigation.

Furthermore, in its sur-reply, the defendant requests that this Court grant AHAC relief under Rule 56(d) of the Federal Rules of Civil Procedure if the plaintiff wishes to present evidence that it satisfied the SIRs before September 18, 2013. Based on the plaintiff's briefing, it does appear that the plaintiff will attempt to present such evidence. (*See* doc. 37, p. 2 n.5). Nevertheless, the Magistrate Judge recently granted an extension of the discovery deadlines,

such that discovery must be completed by May 30, 2014. (Doc. 39). In light of this extension, if the defendant needs additional relief, it should file a motion asking for such relief at that time.

      b. <u>"Other Insurance" Provision</u>

Next, AHAC contends that "PCS's motion is premature because the record is devoid of any evidence that any other insurance available to cover the defense costs that PCS seeks to recover from AHAC either does not exist or has exhausted." (Doc. 17, p. 1). Both insurance policies provide that:

> The insurer shall not be liable if at the time of an occurrence covered by this Policy there is any other insurance which would have attached if this insurance had not been effected, except that this insurance shall apply only as excess and in no event as contributing insurance and then only after all such other insurance has been exhausted.

(Doc. 13-6, p. 17; doc. 13-7, p. 17). The defendant contends that "if PCS had any other insurance available to cover the defense costs it incurred in connection with the [u]nderlying [a]ction, AHAC would step into the shoes of an excess insurer and would have no duty to defend unless and until all of the other insurance has been exhausted." (Doc. 17, p. 13).

However, this "other insurance" term does not provide, through clear and unambiguous language, that AHAC does not have a duty to defend unless any other insurance policies have been exhausted. Instead, the provision merely provides that the insurer shall only be liable as "excess" and only after the other insurance has been exhausted. "Courts have widely recognized that an excess insurer may specify in the insurance policy that it has a duty to defend only if the primary insurer has exhausted its policy limit." *Lamarque Ford, Inc. v. Federal Ins. Co.*, 2011 WL 2020566, at *5 (E.D. La. May 24, 2011) (citing *Caldwell Freight Lines, Inc. v. Lumbermens Mut. Cas. Co., Inc.*, 947 So. 2d 948, 958–59 (Miss. 2007)). But, the language at issue here does not specify that AHAC does not have a duty to defend "unless and until all of the other insurance

11

has been exhausted." Rather, it sets out the sharing of liability between multiple insurance policies that the plaintiff may have possessed at the time of an occurrence.

As mentioned above, the insurer's obligation to defend suits is broader than its liability for damage claims. *Yount*, 627 So. 2d at 153. Having a duty to defend does not depend on the insurer's ultimate liability. The insurance policies issued by AHAC do not specifically exclude its duty to defend unless all other, primary insurance policies have been exhausted. (*See* doc. 13-6, p. 4; doc. 13-7, p. 4). Instead, the policies provide that AHAC will "defend in the name and on behalf of the Insured and at the cost of the Insurer any civil action which may at any time be brought against the Insured, even if said action be groundless, false or fraudulent, on account of such bodily injury, personal injury or property damage." *Id.* Accordingly, because the polices do not specifically exclude AHAC's duty to defend, the "other insurance" provision does not establish a genuine issue of material fact regarding whether AHAC owed a duty to defend to the plaintiff.

Consequently, based on the Court's review, the Court finds that there is no genuine issue of material fact that the defendant owed the plaintiff a duty to defend at some point based on the allegations in the underlying litigation. This is the only determination that the plaintiff sought in its motion for partial summary judgment. The extent of this duty to defend, the timing, and the amount of defense costs that can possibly be recovered must still be decided. Nevertheless, the Court must grant the plaintiff's motion for partial summary judgment, as there is no genuine issue of material fact that AHAC, at some point in time, owed the plaintiff a duty to defend.

## Conclusion

Therefore, the Court: (1) **GRANTS** Plaintiff PCS Nitrogen Fertilizer, LP's Motion [doc. 13] for Partial Summary Judgment, and (2) **DENIES** Defendant American Home Assurance

Company's Motion [doc. 18] for Summary Judgment. The Clerk of Court's office shall also **TERMINATE** Document 30, as it is now moot.

Signed in Baton Rouge, Louisiana, on April 28, 2014.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**